James P. Moran  
vs.  No. 60795  
John P. Steere

November 15, 1928.

HAHN, J. Heard on defendant's motion for a new trial after a verdict for the plaintiff, said motion being upon the usual grounds and the argument in support of the motion being based principally upon the claim that the verdict is against the evidence and the weight thereof.

Plaintiff was 19 years old at the time and was working at a place near his home in Connecticut at wages of $30 a month and board. Defendant came to his home and afterwards saw plaintiff and hired him, as plaintiff claims, at the same wages until April 1st, 1918, at which time the wages were to be increased to $2 a day and board. Defendant denies that he ever agreed to pay any more than $30 per month and board. The question is whether such contract as that stated by plaintiff was entered into between the parties.

The probabilities are that defendant did offer the plaintiff some additional inducement for leaving his position which was near his home, and during the entire time that the plaintiff worked for defendant from 1917 until about July 15, 1921, it appears that the wages of the plaintiff were never paid in full; that from time to time checks and money were given to plaintiff by defendant; that he was not paid monthly but at varying intervals so that the amount of the payments was a subject more or less within the knowledge of defendant. It cannot be said that the plaintiff accepted the sum of $30 a month in full payment for all

of the services rendered but that the matter was carried along and payments made on account for whatever wages were due.

The jury saw the parties and heard their testimony in relation to the circumstances. Various other witnesse were introduced as to statements made by plaintiff and defendant and the jury possibly took into account not only the testimony of the witnesses but the entire circumstances of the case and all the probabilities arising therefrom and rendered a verdict for the plaintiff in the sum of $1,108.56.

When the jury first reported, the foreman stated a finding of an amount —the exact figure of which is not now in the recollection of this Court, but was an amount between $800 and $90 —to which interest was to be added. and was told by the Court to compute and add the interest to the same. This having been done, the complete finding was for the above named sum of $1,108.56. This finding is not inconsistent with the evidence in the case. There are questions regarding certain expenditures made by the defendant on account of the plaintiff; there is some question as to when the wages should cease, and whether wages should be paid for certain periods of time which plaintiff spent in assisting his own folks; one particular instance being the building of a silo, at which time he was away from the farm of the defendant for some weeks. The time during which plaintiff was employed was during the war and the period after the war. De fendant, in addition to farming, had upon his farm a box factory, at which plaintiff was employed at times, so that he was not alone a hired man upon the farm, but also did some work rather unusual in the conduct of a farm.

The questions raised were peculiarly questions for a jury and the jury's finding was based upon sufficient evi dence if it took the story of the plaintiff and the probabilities into account. There is in evidence one or more let ters in which plaintiff asked for the sum of $500, and while this was no the amount due to him under the con tract as claimed, yet in view of the youth of the plaintiff and the unusual manner of making payments, it is possible that plaintiff may have considered that this amount was substantially the balance due. He needed his money and was trying to get it. Under the system of payments made by defendant on account of wages in this particular case, it is not unreasonable to believe that plaintiff was unable at the time to state the exact amount of indebtedness due and owing to him by the defendant.

Motion for new trial denied.

For plaintiff: Benjamin W. Grim.

For defendant: Cooney & Cooney.